IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02069-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-31,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 15, 2012.**

    The Motion to Quash the Comcast Subpoena Against John Doe #11 [filed October 12, 2012; docket #30] is **denied without prejudice**.

    Doe #11's Motion claims that Comcast "was served with a subpoena issued from this Court and served in New Jersey." *See* docket #30 at 1. However, in light of the Court's experience in similar cases and the Court's understanding that a subpoena must be issued "from the from the court of the district where the production or inspection is to be made," the Court is skeptical that the subpoena was issued from the District of Colorado but served on Comcast in New Jersey with the purpose of compelling production in that state. *See* Fed. R. Civ. P. 45(A)(2)(c). To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231. In the absence of the underlying subpoena, which Doe #11 has not provided, the Court cannot reach the merits of Doe #11's Motion to Quash at this time.

    The Clerk of the Court is directed to mail a copy of this minute order to the address provided by Doe #11 in docket #11, but not to reveal or disclose the name and address, which will remain confidential until further order of the Court.