IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02069-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE 4,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 3, 2013.**

    Pending before the Court are a Memorandum of Points and Authorities in Support of Defendant John Doe #4's Motion to Quash the Plaintiff's Subpoena [filed October 12, 2013; docket #32] and a Motion to Quash [filed October 29, 2012; docket #41] filed by Defendant John Doe #4 (hereinafter "Doe 4"). Both are **denied without prejudice** and **stricken** for several reasons.

    First, with respect to Doe 4's request to quash, the challenged subpoena appears to be issued from the U.S. District Court for the District of New Jersey. *See* dockets ## 32 at 19, 41-1. To the extent the present motions seek to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

    In addition, Doe 4 has not complied with Fed. R. Civ. P. 5(a)(1)(D) and D.C. Colo. LCivR 5.1G with respect to the second motion to quash. Rule 5(a)(1)(D) requires that a written motion filed with the Court must be served on every party. Local Rule 5.1G requires, in pertinent part, that "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service." Doe 4's second motion contains no such certificate, nor any other indication of

service on Plaintiff.

Finally, both motions exceed the page limitations set forth in Section II.E.1 of Judge Daniel's Practice Standards. Doe 4 has neither requested nor received leave to file excess pages.

Doe 4 may re-file a single motion to quash in compliance with all federal and local rules, as well as Judge Daniel's Practice Standards, no later than **April 11, 2013**.

The Clerk of the Court is directed to mail a copy of this Minute Order to Doe 4 at the address listed in docket #28. The Certificate of Service filed on the public docket shall not list the address of Doe 4.